UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARY A. DAVIS,** | NO. CV 06-04773-MAN |
| **Plaintiff,** | |
| v. | MEMORANDUM OPINION |
| **MICHAEL J. ASTRUE,**[1] | AND ORDER |
| **Commissioner of the** | |
| **Social Security Administration,** | |
| **Defendant.** | |

Plaintiff filed a Complaint on August 3, 2006, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for a period of disability ("POD"), disability insurance benefits ("DIB"), and supplemental security income ("SSI"). The parties filed a Joint Stipulation on May 29, 2007, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further administrative proceedings; and defendant seeks an order

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007, and is substituted in place of former Commissioner Joanne B. Barnhart as the Defendant in this action. (*See* Fed. R. Civ. P. 25(d)(1); Section 205(g) of the Social Security Act, last sentence, 42 U.S.C. § 405(g).)

affirming the Commissioner's decision. On August 21, 2007, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On December 21, 2003, plaintiff filed an application for SSI, and on February 6, 2004, plaintiff filed an application for DIB, in which she claims to have been disabled since August 1, 2003. (Administrative Record ("A.R.") 91-93, 370.) After the denial of plaintiff's claims at the initial level, plaintiff timely requested a hearing, and on April 20, 2005, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge Dale A. Garwal ("ALJ"). (A.R. 376-401.) Plaintiff's claims were denied by the ALJ on August 2, 2005. (A.R. 43-48.) Plaintiff appealed the ALJ's decision, and the Appeals Council granted plaintiff's request for review. (A.R. 34-38, 73.) On November 7, 2005, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. (A.R. 49-51.)

On February 28, 2006, plaintiff, who was again represented by counsel, testified at a supplemental hearing before the same ALJ. (A.R. 402-416.) On March 22, 2006, the ALJ again denied plaintiff's claims, and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision. (A.R. 6-8, 26-32.)

///
///
///

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff meets the nondisability requirements for a POD and DIB, is insured for benefits through March 22, 2006, and has not engaged in substantial gainful activity since August 1, 2003, the alleged onset of her disability. (A.R. 31.)

The ALJ found that plaintiff has "severe" hepatitis C and a history of depression, but she does not have an impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4. (A.R. 32.) Additionally, the ALJ concluded that plaintiff's assertions regarding her limitations are not entirely credible. (*Id.*)

The ALJ found that plaintiff retains the residual functional capacity to perform her past relevant work as a sales person, actor, insurance billing person, and receptionist. (A.R. 27, 32.) Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act during the time period at issue. (A.R. 32.)

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's decision must stand if it is supported by substantial evidence and applies the appropriate legal standards. Saelee v. Chater,

94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995).

Although this Court cannot substitute its discretion for that of the Commissioner, this Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y. of Health and Human Serv., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and free from legal error, even when the record reasonably supports more than one rational interpretation of the evidence. *Id*. at 1041; *see also* Morgan v. Comm'r. of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Flaten v. Sec'y., 44 F.3d 1453, 1457 (9th Cir. 1995).

**DISCUSSION**

Plaintiff alleges the following three issues: (1) whether the ALJ erred in the evaluation of plaintiff's liver impairment under Medical Listing 5.05F; (2) whether the ALJ erred in applying a standard of "total disability" in the evaluation of plaintiff's medical impairments

and functional limitations[2]; and (3) whether the ALJ's credibility findings are improper. The Court addresses these issues below, although not in the precise manner presented.

**I.  The Record Must Be Further Developed Regarding Plaintiff's Liver Impairment Before This Court Can Assess Whether The ALJ Should Have Evaluated Plaintiff's Liver Impairment Under Medical Listing 5.05F.**

It is axiomatic that the ALJ has an affirmative duty to develop the record, even if the claimant is represented by counsel. *See* Armstrong v. Comm'r. of Soc. Sec. Admin., 160 F.3d 587, 589 (9th Cir. 1998); Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1993). This includes, *inter alia*, the duty to compile all the relevant facts upon which the ultimate adjudication of disability ultimately rests. *See* Miles v. Chater, 84 F.3d 1397, 1401 (2d Cir. 1996)(The ALJ is "duty-bound to develop a full and fair record . . . giving individualized consideration to each claim that comes before him."); *see also* Sims v. Apfel, 530 U.S. 103, 110-11 (2000)("It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.").

Plaintiff contends that the severity of her liver impairment meets or equals the criteria set forth in Medical Listing 5.05F, and the ALJ should have evaluated plaintiff's liver impairment under this Listing, which states that a claimant must have:

---

[2]  Plaintiff's contention that the ALJ erred in applying a "legal standard of total disability" is misplaced. The ALJ's error, if any, in using the language "total disability" is harmless, as he applied the proper five-step sequential evaluation procedure in assessing plaintiff's disability.

> Confirmation of chronic liver disease by liver biopsy (obtained independent of Social Security disability evaluation) and one of the following:
>
> 1. Ascites not attributable to other causes, recurrent or persisting for at least 3 months, demonstrated by abdominal paracentesis or associated with persistent hypoalbuminemia of 3.0gm. per deciliter (100ml.) or less; or
>
> 2. Serum bilirubin of 2.5 mg. per deciliter (100ml.) or greater on repeated examinations for at least 3 months; or
>
> 3. Hepatic cell necrosis or inflammation, persisting for at least 3 months, documented by repeated abnormalities of prothrombin time and enzymes indicative of hepatic dysfunction.

20 C.F.R. § 404, Subpt. P, App. 1, 5.05F.

It is well-settled that the issue of whether an impairment meets or equals the criteria of a particular Medical Listing is decided by the relevant medical evidence. 20 C.F.R. §§ 404.1525, 404.1526, 416.925, 416.926. To *meet* a listed impairment, a claimant must establish that she "meets each characteristic" of the listed impairment relevant to her claim. Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). To *equal* a listed impairment, a claimant must establish "symptoms, signs and laboratory findings at least equal in severity and duration" to the characteristics of a relevant listed impairment. *Id.*

In this case, it is undisputed that the objective medical evidence regarding plaintiff's liver impairment includes a laboratory report showing elevated liver enzymes, an abdominal ultrasound indicating "cirrhosis with portal hypertension manifested by portosystemic collaterals," and a liver biopsy obtained independent of plaintiff's disability evaluation, which confirms chronic hepatitis C. (A.R. 341, 351, 356-57.) However, it is unclear whether plaintiff's liver impairment "meets or equals" the requirements of Medical Listing 5.05F, because the record has not been fully developed and the ALJ did not retain a medical expert to testify at the hearing regarding the nature and extent of plaintiff's liver impairment. As a result, the ALJ's conclusion that plaintiff "does not have an impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4," (A.R. 32) is not supported by substantial evidence and constitutes error.

At the February 2006 supplemental hearing, plaintiff's counsel testified that plaintiff "has been referred for other testing, but it's all going to be done in late March [2006], and that's regarding the hepatitis and the consultation regarding the neck problem." (A.R. 410-11.) Additionally, plaintiff testified that she had not, "as of yet," been prescribed medication to treat her hepatitis C and had not "gotten into their liver clinic yet" at Parkland Health & Hospital System ("Parkland"), the county facility in Texas at which she was then being treated. (A.R. 411.) Moreover, after the hearing, plaintiff submitted two letters from Parkland, both of which indicate that plaintiff had doctors' appointments scheduled on March 10 and 14, 2006. Despite plaintiff's testimony and the submission of letters from Parkland, the

ALJ made no effort to obtain any supplemental medical records and, therefore, failed to ascertain the extent of the plaintiff's liver impairment.  As it has been two years since the hearing, it is likely that supplemental medical records exist that reflect the nature, severity, and duration of plaintiff's liver impairment.

On remand, the ALJ shall obtain all of plaintiff's medical records from February 28, 2006, through the present.  If necessary to assess those records and plaintiff's condition properly, the ALJ shall obtain an updated consultative examination of plaintiff and/or retain a medical expert to evaluate *all* of plaintiff's medical records as they relate to the severity and duration of plaintiff's liver impairment.  Based upon such additional evidence, the question of whether plaintiff's liver condition "meets or equals" the criteria of Medical Listing 5.05F can then be evaluated on a fully developed record.

**II.  The ALJ Erred In Rejecting Plaintiff's Subjective Pain Testimony.**

The law is well-settled that, once a disability claimant produces evidence of an underlying physical impairment that is reasonably likely to be the source of her subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered.  Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated).  Moreover, "unless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and

stating clear and convincing reasons for each." <u>Robbins v. Social Sec. Admin.</u>, 466 F.3d 880, 883 (9th Cir. 2006); *see* <u>Smolen</u>, 80 F.3d at 1283-84 ("Once a claimant meets the *Cotton* test and there is no affirmative evidence suggesting she is malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings stating clear and convincing reasons for doing so."); *see also* <u>Lester v. Chater</u>, 81 F.3d 821 (9th Cir. 1996). Further, the ALJ's credibility findings must be "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. <u>Moisa</u>, 367 F.3d at 885.

In this case, the ALJ concluded that plaintiff's "allegations of significant pain and physical restrictions are not supported by the objective medical evidence" and there are "a number of inconsistencies in [plaintiff's] statements . . . which erode her credibility." (A.R. 30.) These conclusions are not supported by substantial evidence. Contrary to the ALJ's assertion that plaintiff's subjective pain complaints "are not supported by the objective medical evidence," (*Id.*) the record is replete with objective medical evidence that establishes that plaintiff has chronic liver disease, a severe medically determinable impairment which can reasonably be expected to produce the symptoms about which plaintiff testified, *to wit*, weakness, fatigue, and pain. (A.R. 372, 410.)

As the ALJ cites no evidence of malingering by the plaintiff, the ALJ's reasons for rejecting plaintiff's credibility must be "clear and convincing." <u>Robbins</u>, 466 F.3d at 883. Although the ALJ points to "a

number of inconsistencies in [plaintiff's] statements" as a basis for discrediting her credibility, the inconsistencies cited do not seriously undermine plaintiff's credibility. For example, the ALJ notes that plaintiff was inconsistent when she testified that she had a "lymphoma" in her neck, when she actually had a "lipoma." (A.R. 30.) As plaintiff has a high school education and no medical training, it is not unreasonable to assume that this was simply a misstatement, rather than an inconsistency having any bearing on her credibility. In addition, the ALJ notes that plaintiff's testimony was inconsistent in that she complained of depression and insomnia, but failed to seek mental health treatment. However, at the hearing, plaintiff explained that she believed her depression was related to her medical problems and was not an independent psychiatric disorder. Thus, the "inconsistencies" the ALJ cites as bases for discrediting plaintiff's subjective complaints constitute neither clear nor convincing reasons for rejecting plaintiff's credibility.

Further, in support of his conclusion that plaintiff's subjective complaints are "not entirely credible," (A.R. 32) the ALJ notes that "there are large gaps of time between visits to her treating physician or any other health care professional [to] seek[] relief from her stated discomfort." (A.R. 31.) While an unexplained failure to seek treatment may cast doubt on a claimant's credibility, such an inference is unreasonable where plaintiff is indigent. *See* Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989). Indeed, the Ninth Circuit has "proscribed the rejection of a claimant's complaints for lack of treatment when the record establishes that the claimant could not afford it." Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999); *see* Smolen, 80

10

1  F.3d at 1284; see also Gamble v. Chater, 68 F.3d 319, 322 (9th Cir.
2  1995)("[a]lthough progress has been made in providing affordable medical
3  care to the needy . . . many Americans are without the means or
4  opportunity to obtain necessary medical care.  Social Security
5  disability and SSI benefits exist to give financial assistance to
6  disabled persons because they are without the ability to sustain
7  themselves.  It flies in the face of the patent purposes of the Social
8  Security Act to deny benefits to someone because he is too poor to
9  obtain medical treatment that may help him.")(citations omitted).

11       In the present case, the ALJ ignored plaintiff's testimony at both
12 hearings that she was unable to pursue more aggressive medical care for
13 her liver disease and other medical impairments due to her lack of
14 financial resources and medical insurance.  In fact, as a result of her
15 indigence, she had to resort to LAC-USC Medical Center, a county
16 facility in California, which provided her medical care on a very
17 limited basis.  Plaintiff testified that, due to her desperate financial
18 situation, she was forced ro move to Texas in August 2005, where she had
19 to re-establish eligibility for free medical care at Parkland, another
20 county facility, and was in the process of obtaining referrals for their
21 liver clinic and liver specialists.  (A.R. 361-367, 410-412, Joint Stip.
22 at 7-8.)  Thus, the ALJ's reliance on plaintiff's "gaps in treatment" to
23 support the ALJ's credibility finding constitutes error.

25       Finally, the ALJ erred in relying on plaintiff's ability to perform
26 simple, daily activities to support his conclusion that plaintiff's
27 testimony was not credible.  The ALJ's casual reference to plaintiff's
28 daily activities to support his adverse credibility finding fails to

demonstrate how plaintiff's ability to perform basic self-care activities and light household chores translates into the ability to engage in full-time work. (A.R. 30.) *See* Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)(only if the level of activity were inconsistent with claimant's claimed limitations would these activities have any bearing on claimant's credibility); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987)(disability claimant need not 'vegetate in dark room' in order to be deemed eligible for benefits); Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990)(daily activities may not be relied upon to support an adverse credibility decision where those activities do not affect the claimant's ability to perform appropriate work activities on an ongoing and daily basis); Fair, 885 F.2d at 602 ("The Social Security Act does not require that an individual be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication.").

Therefore, the ALJ's conclusion, that plaintiff's "assertions concerning her limitations are not entirely credible" (A.R. 32), is not adequately supported in accordance with the proper legal standards and constitutes reversible error. On remand, unless there is affirmative evidence showing that plaintiff is malingering, the ALJ must set forth "clear and convincing" reasons, if they exist, for discrediting plaintiff's credibility, that are "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected plaintiff's subjective symptom statements on legally permissible grounds. Lester, 81 F.3d at 834; Moisa, 367 F.3d at 885. If the ALJ concludes on remand that plaintiff is malingering, then he must state that conclusion and set

forth the evidence supporting that conclusion and his consequent disbelief of plaintiff's credibility.

III. **Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings").  However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the

13

decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 28, 2008

/s/
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

14